UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONNA TUGGLE, an individual, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> LAS VEGAS SANDS CORPORATION, a ) <br> Nevada corporation; and NORBERT ) <br> RIEZLER, an individual, ) <br> ) <br> Defendants. ) | Case No.: 2:15-cv-01827-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 19) filed by Defendants Las Vegas Sands Corporation ("LV Sands") and Norbert Riezler ("Riezler") (collectively, "Defendants"). Plaintiff Donna Tuggle ("Plaintiff") filed a Response (ECF No. 28), and Defendants filed a Reply (ECF No. 32).

**I.   BACKGROUND**

This case arises out of Plaintiff's employment with her former employer, Las Vegas Sands Corporation ("LV Sands"). Plaintiff was hired by LV Sands on May 7, 2012, as an Executive Secretary in the Procurement department. (First Am. Compl. ("FAC") ¶ 10, ECF No. 10). In April 2013, Plaintiff was diagnosed with lupus. (*Id.* ¶ 11). Plaintiff alleges that after she notified LV Sands and her supervisor, Norbert Riezler, of her condition, Riezler began treating her negatively, despite receiving performance reviews that "exceeded expectations." (*Id.* ¶¶ 6, 14–15).

Plaintiff further alleges that in July 2013, she requested that a chair be placed in the restroom to accommodate her condition, but the request was denied. (*Id.* ¶ 17). Moreover, Plaintiff alleges that she continued to be berated by Riezler and informed Thomas Morrison, a manager in the Procurement department and a liaison to Human Resources, of Riezler's actions

but Morrison failed to report the matter further or take remedial action. (*Id.* ¶¶ 20–21).  Plaintiff also alleges that other managers failed to take remedial action when informed of Riezler's actions. (*Id.* ¶ 22).  On October 31, 2014, LV Sands terminated Plaintiff's employment. (*Id.* ¶ 30).

On November 6, 2014, Plaintiff filed a complaint with the Nevada Equal Rights Commission ("NERC") and the U.S. Equal Employment Opportunity Commission ("EEOC"), which was reduced to a charge of discrimination on January 1, 2015. (*Id.* ¶ 7).  The EEOC issued a notice of right to sue on July 24, 2015. (*Id.* ¶ 8).

On September 23, 2015, Plaintiff filed the instant action. (Complaint, ECF No. 1). Plaintiff filed her First Amended Complaint on December 2, 2015, alleging the following causes of action: (1) disability discrimination, retaliation, failure to accommodate, and harassment under the ADA and NRS §§ 613.330 and 613.340, (2) FMLA interference; (3) discrimination and retaliation under the FMLA; and (4) intentional infliction of emotional distress. (FAC ¶¶ 31–61).  Defendants move the Court to dismiss Plaintiff's claims of discrimination and retaliation under the FMLA and intentional infliction of emotional distress. (Mot. Dismiss 1: 20–23, ECF No. 19).  Defendants also move the Court to dismiss any relief based upon facts alleges in paragraphs 11–18 of the FAC. (*Id.* 1:25–26).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

#### A. Intentional Infliction of Emotional Distress

The elements of a cause of action for intentional infliction of emotional distress ("IIED") are: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). "Extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev. 1998) (quotations omitted). Persons must be expected and required to tolerate occasional acts, which are inconsiderate and unkind. *Id.* "Liability for emotional distress will not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Candelore v. Clark Cnty. Sanitation Dist.*, 975 F.2d 588, 591 (9th Cir. 1992) (quoting Restatement (Second) of Torts § 46 cmt. d).

Furthermore, except in the case of assault, Nevada courts have required a plaintiff to demonstrate that he or she has suffered some physical manifestation of emotional distress in order to support an award for emotional damages. *Betsinger v. D.R. Horton, Inc.*, 232 P.3d 433, 436 (Nev. 2010); *see also Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) ("[I]n cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented.").

Here, Plaintiff alleges that "[t]he conduct … by Riezler, including, among other things, regularly belittling Plaintiff, calling her a 'piece of shit,' moving her desk to keep an eye on her, falsely telling her other supervisors disapproved of her work, and berating her for taking approved and legally-protected medical leave constitute extreme and outrageous conduct." (FAC ¶ 56). While such alleged conduct is certainly inconsiderate and unkind, it does not rise to a level which is outside all possible bounds of decency and utterly intolerable in a civilized community. Rather, the alleged conduct represents insults, indignities, threats, annoyances, petty oppressions, or other trivialities, to which liability for emotional distress will not extend. Accordingly, the Court dismisses this claim with leave to amend.

**B. Discrimination and Retaliation Under the FMLA**

The FMLA guarantees that an employee's act of taking medical leave will not result in a loss of job security or other adverse employment actions. *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003). To prevail on a retaliation/discrimination claim under 29 U.S.C. § 2615(a)(2), an employee must show that she was punished for opposing employer practices made unlawful by the FMLA. *Id.* at 1137.

Here, Plaintiff alleges that Defendants' conduct "constitute discrimination and retaliation under the FMLA by, among other things, terminating Plaintiff's employment after

Plaintiff opposed Defendants' unlawful practices through complaints to management." (FAC ¶ 50).  However, Plaintiff's allegations appear to relate to retaliation for exercising her rights under the FMLA, which is more properly construed as a claim for interference under 29 U.S.C. § 2615(a)(1). *Loncar v. Penn Nat. Gaming*, 2015 WL 5567277, *4 (D. Nev. Sept. 22, 2015) ("When a plaintiff alleges retaliation for exercising her rights under the FMLA, courts in the Ninth Circuit construe the claim as one for interference under § 2615(a)(1).").  Accordingly, the Court dismisses this claim with leave to amend.

      **C. Statute of Limitations**

      Defendants assert that, to the extent Plaintiff is seeking relief for violation of the ADA and FMLA based on facts alleged in Paragraphs 11-18 of the FAC, such relief is prohibited because it is time-barred for two reasons: "(1) Plaintiff failed to exhaust her administrative remedies regarding these facts in support of her claim for Disability Discrimination; and (2) The facts alleged in Paragraphs 11-18 in support of her claim for FMLA interference and retaliation are outside the two-year statute of limitations governing the FMLA." (Mot. Dismiss 11:22–12:1).

      First, a plaintiff must file an administrative charge with the EEOC within 180 days of *the last act of discrimination*. See 42 U.S.C. § 2000e-5(e)(1) (emphasis added).  However, the limitations period is extended to 300 days if the plaintiff first institutes proceedings with a "State or local agency with authority to grant or seek relief from such practice." *Id.*  Here, the last act of discrimination alleged in Plaintiff's FAC is her termination on October 31, 2014. (FAC ¶ 30).  Plaintiff instituted proceedings with the Nevada Equal Rights Commission ("NERC") on November 6, 2014, which is well within the 300 days of the last act of discrimination on October 31, 2014. (*Id.* ¶ 7).  Accordingly, Plaintiff timely instituted an administrative proceeding based on the facts in the FAC.

Second, actions brought under the FMLA must be brought no later than 2 years after the date of the last even constituting the alleged violation for which the action is brought. *See* 29 U.S.C. § 2617(c)(1). Again, the last event constituting the alleged violation for which the action is brought is Plaintiff's termination on October 31, 2014. Plaintiff filed the instant action on September 23, 2015, well within the two-year limitation. Accordingly, relief based on facts alleged in Paragraphs 11-18 of the FAC is not time-barred.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 19) is **GRANTED-in-part** and **DENIED-in-part**.

**IT IS FURTHER ORDERED** that Plaintiff shall file her second amended complaint by **June 30, 2016**, if she can allege additional facts to establish her dismissed claims of intentional infliction of emotional distress and/or discrimination and retaliation under the FMLA. Failure to file a second amended complaint by this date shall result in the Court dismissing these claims with prejudice.

**DATED** this 16th day of June, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge